**POST, In re: POST et, Proponents-Appellees, v. BOWDEN, Exceptor-Appellant.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 477.   Decided March 19, 1949.

Richard C. Rose, Theodore E. Warren, Ashtabula, for proponents-appellees.

Beach & Warner, Cleveland, Pontius & Barsky, Ashtabula, for exceptor-appellant.

**OPINION**

By BUCKLEY, J.

This cause is submitted to this court on questions of law, the assignments of error contending that the Probate Court of Ashtabula County erred in refusing to permit appellant to be exceptor to the fourth and final account submitted in the testamentary trust created under the will of Warren A. Post by the executors of Bernice A. Post, deceased, who was also trustee under the testamentary trust referred to above.

The assignments of error set forth in the brief of exceptor-appellant are as follows:—

"That said Probate Court erred in granting the objection of the co-executors of the testamentary trustee, Bernice A.

Post, to the introduction of evidence in support of his (this Guardian's) objections and exceptions to the Fourth and Final Account filed by said co-executors in said testamentary trusteeship.

"In that said Probate Court erred in holding that this appellant, said Guardian, was not a proper party and had no legal standing to file objections or exceptions to the accounting in said testamentary trusteeship.

"That said Probate Court erred in holding that the exceptions of this appellant, Guardian, were not proper or valid exceptions to the accounting in said testamentary trusteeship.

"That said Probate Court erred in approving the Fourth and Final Account of the trustee's co-executors in said testamentary trusteeship.

"In that said Probate Court erred in ordering the exceptions of this appellant-guardian to be stricken from the records.

"Said Probate Court erred in holding that appellant's wards were not beneficiaries under the testamentary trust created under the will of Warren A. Post.

"Said Probate Court erred in rendering judgment against this guardian-exceptor."

For the purpose of this appeal the assignments of error may be reduced to the following: First, said guardian and two minor children are not proper parties to file exceptions to said account. Second, said exceptions are not proper and valid exceptions in law or equity.

In the consideration of these assignments of error this court is only concerned with the first of these, to-wit: Said guardian and two minor children are not proper parties to file exceptions to said account. We believe the second assignment of error should not be considered at this time as the exceptions were not considered by the probate court, inasmuch as the probate court in deciding that the exceptors were not proper parties received no evidence and did not consider the exceptions filed against the fourth account.

In considering this appeal the following facts are pertinent to a decision in this matter. Warren A. Post died testate on or about the 10th day of November, 1923, and was survived by his wife, Bernice A. Post; his sons, Allen A. Post and Warren A. Post, and his daughter Marian Post Bowden. His will was admitted to probate in the Probate Court of Ashtabula County, and the decedent's widow, Bernice A. Post, was appointed and qualified as executrix thereunder. Warren A. Post's will provided as follows:—

"ITEM II. To my wife, Bernice A. Post, I give, bequeath, and devise one-third of the total remainder of my estate to be hers absolutely and in fee simple.

"ITEM III. All of the then remainder of my estate, after Item II is satisfied, I give, bequeath and devise to my said wife, Bernice A. Post, as executrix, hereinafter named, in trust, to be held and used by her upon the following trust: I give, bequeath, and devise to my said wife the net income from said remainder of my estate so long as she shall remain unmarried; and should said income at any time fall below Twenty-Five Hundred Dollars ($2500.00) per year, my said executrix is authorized, in the exercise of her discretion, to use so much of the principal of said remainder as will bring said yearly income up to Twenty-five Hundred Dollars ($2500.00).

"ITEM IV. I direct that if my said wife shall remain single she shall have the right and authority to dispose by her last will and testament of the property covered by Item III; but if under such condition she should die intestate, or in case she should remarry, then and in either of such cases, I direct that said property shall pass absolutely and in fee simple in equal shares to those of our children who shall be then living."

Items V, VI and VII of the will of Warren A. Post are not pertinent to this appeal and are therefore not set forth.

The estate of Warren A. Post was fully administered; Bernice A. Post was duly appointed trustee of the remaining property, but filed no inventory setting forth specifically the assets held by her as trustee. Three trustee accounts were filed by said Bernice A. Post as trustee under the will of Warren A. Post. The last of said accounts, labeled for the purpose of identification here as account number three, was filed on or about September 29, 1930.

On the 21st day of March, 1947, the said Bernice A. Post died testate, and her last will and testament was admitted to probate by the Probate Court of Ashtabula County, Ohio.

The power of appointment given to the said Bernice A. Post under Item IV of the last will and testament of the said Warren A. Post was exercised by the said Bernice A. Post in her last will and testament as follows:—

"ITEM 3. All the rest, residue and remainder of my estate including property, if any, under my control and subject to disposition of this Will under provisions of the Will of my

late husband, Warren A. Post, I give and bequeath as follows: to-wit:

One-third to my son, Allen A. Post;

One-third to my son, Warren A. Post;

One-sixth to my granddaughter, Nancy Sue Bowden, and

One-sixth to my grandson, David Norman Bowden.

should either of said grandchildren not be living when legacies herein are payable, then the legacy provided for such deceased grandchild shall pass to the surviving grandchild. Should neither of said grandchildren be living when legacies herein are payable, then all property covered by this Item 3 shall pass to my said two sons in equal shares.

"ITEM 4. I hereby nominate and appoint Allen A. Post and Warren A. Post, my sons, to be the executors of this, my last will and testament, and I request that no bond be required of my said executors."

The last will and testament of Bernice A. Post is dated the 26th day of July, 1946.

At the time the third account was filed in the trust created under the will of Warren A. Post there remained in the trust estate the sum of $24,950.00.

Allen A. Post and Warren A. Post, sons of the deceased Bernice A. Post, qualified as executors of the estate of their mother, and as such executors filed a fourth and final account in the trust created under the will of their father, Warren A. Post, of which their mother, Bernice A. Post, was the trustee.

It is admitted that Marian Post Bowden, daughter of Warren A. Post and Bernice A. Post, died survived by her husband, David J. Bowden, and two minor children Nancy Sue Bowden and David Norman Bowden, who through their father, David J. Bowden, guardian, are the exceptors to the fourth account filed in the Warren A. Post trust.

It is the opinion of this court that the probate court erred in sustaining a motion of the appellees-executors that the appellant-exceptor was not a proper party to file exceptions to the fourth and final account in the trust created under the will of Warren A. Post.

It is the contention of the appellees that the excepting grandchildren are not beneficiaries under the trust created under the will of Warren A. Post in that they received their rights by virtue of their nomination under the last will and testament of Bernice A. Post in the exercise of her power of appointment as set forth in her last will and testament.

It is the opinion of this court that this conclusion is not sustained under the law of the State of Ohio. Under the last

will and testament of Warren A. Post the living children of Warren A. Post received a contingent remainder subject to be divested by the exercise of the power of appointment granted to Bernice A. Post. Bernice A. Post did exercise the power of appointment granted to her and by the exercise thereof confirmed Warren A. Post and Allen A. Post as remaindermen and beneficiaries as to two-thirds of the remaining trust property, and also nominated Nancy Sue Bowden and David Norman Bowden, her grandchildren, as beneficiaries under the trust created by the will of Warren A. Post, deceased, to the extent of the remaining one-third of the trust estate.

There can be doubt but that under the last will and testament of Warren A. Post, a trust was created for the benefit of the two sons as contingent remaindermen. Had the power of appointment not been exercised, the two sons, as the only living children of the said Warren A. Post, would have been remaindermen with a vested remainder and would have been entitled, as such, to be exceptors to the fourth and final account filed in said trust. They would be the beneficiaries under the last will and testament of Warren A. Post, deceased. However there was a power of appointment exercised by Bernice A. Post, and the exercise of this power divested one-third of the remaining trust estate from the remaindermen, Warren A. Post and Allen A. Post, and vested it in the children of the deceased daughter. It seems obvious, therefore, that had the power of appointment not been exercised by Bernice A. Post the remaindermen, sons, as absolute beneficiaries, would have been entitled as such beneficiaries to file exceptions to the fourth and final account in the trust. It should follow that the grandchildren, the nominees under the power of appointment, should have a similar and like privilege to file exceptions to the final account inasmuch as they, by the exercise of the power of appointment became vested with the same privileges and rights as the beneficiaries under the will of Warren A. Post would have had if the power of appointment had not been exercised.

**Wills v. Cowper, 2 Ohio Reports 124,** wherein the court says: "A person in whose favor the power has been executed, takes in the same manner as if the instrument executing the power had been contained in that given it. * * * He makes his title under the power itself; and, for many purposes, the act of the trustee, executing the power, is in equity, considered as the act of the party creating the power."

In Matter of Trust of Howald, 65 Oh Ap 191, it has been held:—

"When this power has been exercised by the donee, of the power, the appointee takes an interest to the amount appointed under the trust, and not under the will of the donee."

In **16 O. Jur., Page 482, Paragraph 101,** a contingent remainder is defined as one where "the right to the estate as well as the right to the possession of such estate is not only deferred to a future period, but is dependent on the happening of some future contingency."

In this case the sons, Warren A. Post and Allen A. Post, were contingent remaindermen whose right to the possession of the estate was subject to the possible exercise of the power of appointment set forth in the will of Warren A. Post granting Bernice A. Post the right to dispose of the balance of the trust estate in a manner different from that provided in the will. In other words, by the exercise of the power of appointment and nominating beneficiaries other than the sons, who were the living children of Warren A. Post, Bernice A. Post could divest the remaindermen of their beneficial interest. Bernice A. Post did exercise the appointment and thus brought into being the only contingency which prevented the remaining trust estate from wholly vesting in the surviving children of Warren A. Post. There can be no doubt but that if the power of appointment had not been exercised the living sons of Warren A. Post would have every right to become exceptors to the last account filed herein; and for this reason it seems obvious that the nominees under the power of appointment became remaindermen in the same sense that the surviving sons of Warren A. Post would have been had not the power of appointment been exercised.

In **Donley's Adm'rs v. Shields, 14 Ohio Reports 359,** the third syllabus sets forth "where land is bequeathed by a husband to his wife, to use during life, with power to devise the same on her death to whom she pleases, and the wife devises the same, her devisee takes the estate disincumbered by her debts".

This principle of law seems to sustain the conclusion that the wife, the holder of the life estate interest under a trust, loses all interest in the same at the moment of death, and

that her nominees under the exercised power of appointment, receive the balance of the trust estate. This is also set forth in a later decision of the courts of Ohio as the same is set forth **In Matter of Trust of Howald, 65 Oh Ap 191, 18 O. O. 386.**
vides as follows:—
In the Howald case, cited above, the fourth syllabus pro-

"The donee of a general, unrestricted testamentary power of appointment may subject the estate appointed to the payment of her debts by stating in the appointing provision that 'this bequest is subject to all by debts'. In such case the trustee of the appointed property, instead of paying the debts of the donee directly, should pay to her executor an amount sufficient to comply with this provision, but no other portion of the appointed property shall be regarded as a part of the donee's estate, and, where the will of the donee directs that all her just debts should be paid out of her estate, the personal estate of the donee must be exhausted in the payment of her debts before calling on the trustee for a contribution out of the appointed property."

This statement of the court provides that in the exercise of the power of appointment it is possible for a donee of the power to charge the trust estate as she sees fit, but that in the absence of such a charge the life estate of the donee ceases and the trust estate continues solely for the benefit of the nominees under the power of appointment, who then become absolute beneficial remaindermen under the trust and entitled to be exceptors to any account filed therein.

The appellees argue that inasmuch as the last will and testament of Warren A. Post provides "I give, bequeath, and devise to my wife the net income from said remainder of my estate so long as she shall remain unmarried; and should said income at any time fall below Twenty-five Hundred Dollars ($2500.00) per year, my said executrix is authorized, in the exercise of her discretion, to use so much of the principal of said remainder as will bring said yearly income up to Twenty-five Hundred Dollars ($2500.00)"; that said widow in the period from 1930 to 1947, 17 years, by exercising the right to use principal to bring the income up to $2500.00 per year, would have more than consumed the entire principal balance of $24,000.00. This is a purely speculative conclu-

sion upon the part of the appellees and in no way sustained by the facts in this case.

In the first place, as disclosed by the transcript, Bernice A. Post was the possessor of an independent estate, and since the use of the principal of the trust estate was in her discretion, it is as reasonable to conclude that she did not use the principal of the trust estate as to conclude that she did. In fact, it is more reasonable because when Bernice A. Post executed her last will and testament in 1946 from the phraseology of her will she implied that there was a balance in said trust estate.

Under the laws of the State of Ohio the following duty is imposed upon fiduciaries as to the filing of accounts, to-wit, §10506-34 GC:—

"Within nine months after his appointment, every executor and administrator shall render an account of his administration, and in like manner shall render further accounts at least once each year thereafter. Every other fiduciary shall render an account of the administration of his estate or trust at least once in each two years. An account shall be rendered by any fiduciary at any time or times other than heretofore mentioned upon order of the court at its own instance, or upon the motion of any person interested in the estate or trust for good cause shown. Every fiduciary shall render a final account within thirty days after completing the administration of the estate or the termination of his trust, or within such other period of time as the court may order.

"Every account shall include an itemized statement of all receipts of the fiduciary during the accounting period, and of all disbursements and distributions made by him during such period, verified by vouchers or proof, together with an itemized statement of all funds, assets and investments of the estate or trust known to or in the possession of the fiduciary at the end of the accounting period, and shall show any changes in investments since the last previous account. The accounts of testamentary trustees shall, and the accounts of other fiduciaries may, show receipts and disbursements separately identified as to principal and income."

Had the trustee, Bernice A. Post, performed the duty imposed upon her by the above statute there could have been no question as to her use of the principal of the trust estate to bring the income from the trust estate to the

designated $2500.00 limit set forth in the will of Warren A. Post. Her voucher in such amount would have been conclusive that she had in her discretion exercised her right to use the principal of the trust estate to supplant any deficiency in income. Inasmuch as she did not perform this duty imposed upon her by the statute, it is fundamental that she did not in her discretion use such principal. This is sustained by the making of her last will and testament in 1946 in which she exercised the power of appointment granted her under the will of Warren A. Post to dispose of the balance of the trust property.

**Sec. 10506-38 GC,** provides that:—

"Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and shall be reduced to writing. Exceptions shall be filed, and a copy thereof furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. The court for cause may allow further time to file exceptions. If exceptions are filed to an account the court may allow further time for serving notice of the hearing upon any person who may be affected by an order disposing of such exceptions and who shall not already have been served with notice of the hearing in accordance with §10506-37 GC."

It is the opinion of the court that the exceptors, nominees under the power of appointment exercised by Bernice A. Post in her last will and testament are remaindermen and beneficiaries under the trust created under the last will and testament of Warren A. Post; as such are entitled to be heard as exceptors to the final account filed in said trust; to have their rights determined on the basis of a hearing of such exceptions; and that the Probate Court of Ashtabula County, in sustaining a motion to exclude them as such exceptors to the fourth and final account in the trust under the will of Warren A. Post, erred and this appeal from such finding sustained.

The judgment of the probate court is therefore reversed, and this matter is therefore remanded to the Probate Court of Ashtabula County for consideration of the exceptions filed therein by the appellant herein.

PHILLIPS, PJ, NICHOLS, J, concur.